ELIJAH TARPLEY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

VERDICT — *evidence in support.* Where it appears on the trial of an indictment for an assault with a deadly weapon, that accused held a pistol in one hand, and took hold of the prosecuting witness by the throat with the other, but did not present the pistol, or attempt to shoot, or even threaten to do so,— *Held,* that, while it amounted to a false imprisonment and an ordinary assault, it did not constitute an assault with a deadly weapon with intent to inflict a bodily injury. Where the evidence fails to sustain the verdict, the court should grant a new trial, and it is error to refuse.

WRIT OF ERROR to the Circuit Court of the county of Lawrence; the HON. AARON SHAW, Judge, presiding.

This was an indictment presented by the grand jury of Lawrence county against Elijah Tarpley, for an assault with a deadly weapon, with intent to inflict a bodily injury on one William Decker. The indictment contained two counts, the

first of which was, on motion, quashed, and the plea of not guilty interposed to the other.

A trial was had by the court and a jury, resulting in a verdict of guilty. Defendant entered motions in arrest and for a new trial, which were overruled, and a judgment rendered for a fine of $200, and that defendant be imprisoned twelve hours in the county jail. He brings the case to this court and asks its reversal on several grounds.

Messrs. CANBY & WATSON, for the plaintiff in error.

Mr. THOMAS S. CASEY, State's attorney, for the people.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an indictment, in the Circuit Court of Lawrence county, found against plaintiff in error, charging an assault, with intent to inflict a great bodily injury on the person of William Decker, where no considerable provocation appeared, and the circumstances of the assault showed an abandoned and malignant heart. The assault was charged to have been committed with a pistol loaded with gunpowder and leaden balls, and percussion caps. A trial was had, resulting in a conviction. The defendant entered a motion for a new trial, which the court overruled, and imposed a fine of two hundred dollars, and ordered him to be confined twelve hours in the county jail. This writ of error is prosecuted to reverse that judgment.

It is urged, that the court below erred in overruling the motion for a new trial, because the evidence fails to sustain the verdict. Decker, the prosecuting witness, swears that accused arrested him as a deserter from the United States army. That, after arresting him, with a pistol in one hand, and holding him, by the collar, with the other, plaintiff in error forced him into Henry's grocery, and detained him in confinement for one hour. He also swears that he had not been in the army since the Mexican war. He, however, no-where states that the accused presented the pistol in a menacing

manner, or made any effort to shoot, or even threatened to do so at any time.

Henry testifies, that Wilson, after Decker and Tarpley came into the grocery, said to Decker, that he should consider himself under arrest as a deserter; that Wilson subsequently went out, leaving Decker in charge of Tarpley. They, soon after, also went out, and returned again, as stated by Decker; that, after they got into the house, Decker rushed at Tarpley, and caught him by the coat collar or throat; Tarpley called out to take him away, that he did not want to hurt Decker, and that Decker should not hurt him; that Decker then had a knife in his hand, and Tarpley a pistol; that Decker was held in custody about an hour. Tarpley, becoming satisfied that Decker was not a deserter, discharged him. That plaintiff in error was guilty of a false imprisonment there seems to be no doubt; and that he was guilty of an assault is equally apparent. But the evidence fails to show, that he made an assault on Decker with a deadly weapon. He had a pistol in his hand, it is true, but, so far as we can see, he did not present it, or make any effort to use it in making the assault, nor did he threaten to shoot with it. The assault was made with his hand, and not with the pistol. We are clearly of the opinion, that the evidence fails to establish an assault with a deadly weapon, as charged in the indictment. The court, therefore, erred in refusing a new trial.

The judgment of the court below must, therefore, be reversed and the cause remanded.

*Judgment reversed.*